

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN                  FILED

                                                '07 MAR 28 P2:47

UNITED STATES OF AMERICA,

                        Plaintiff,             JON W. SANFILIPPO
                                                     CLERK
                v.                              Case No. 07-CR-4 (LA)

ELENA SCOTT,

                        Defendant.

---

## PLEA AGREEMENT

---

1.  The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and Michelle L. Jacobs, Assistant United States Attorney, and the defendant, Elena Scott, individually and by attorney Dennis Coffey, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.  The defendant has been charged in a three-count indictment which alleges violations of Title 21, United States Code, Section 856, and Title 18, United States Code, Sections 922(a)(6) and 922(d).

3.  The defendant has read and fully understands the charges contained in the indictment and fully understands the nature and elements of the crimes with which she has been charged and the charges and the terms and conditions of the plea agreement have been fully explained to her by her attorney.

4. The defendant voluntarily agrees to plead guilty to the following Count Two, set forth in full as follows:

*THE GRAND JURY FURTHER CHARGES:*

## COUNT TWO

*1. That on or about October 17, 2004, in the State and Eastern District of Wisconsin,*

### ELENA D. SCOTT

*knowingly made a materially false and fictitious statement to a federally licensed firearms dealer ("FFL"), which statement was likely to deceive the federally licensed firearms dealer as to the lawfulness of the sale of the firearm.*

*2. In particular, in connection with a firearms purchase at Badger Outdoors, 2239 South 43rd Street, Milwaukee, WI, Scott completed the ATF Form 4473 for the purchase of a Ruger Model 97 .45 caliber pistol, with serial number 663-48015. On that form, Scott indicated that she was the "actual purchaser" of the firearm. In fact, as Scott well knew, she was not the actual purchaser because she was purchasing the firearm for Jesse Sanders, whom she knew to be a convicted felon.*

*All in violation of Title 18, United States Code, Sections 922(a)(6) and 2.*

5. The defendant acknowledges, understands, and agrees that she is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits to these facts and that these facts establish her guilt beyond a reasonable doubt:

On December 1, 2005, Elisha Fowler was confronted about his large-scale cocaine trafficking in the Milwaukee area. He agreed to cooperate. As part of an initial debriefing conducted that first night, Fowler identified Jesse Sanders as a source of supply for kilogram quantities of cocaine. Fowler stated that he would usually receive about two kilos at a time from Sanders, and that Sanders lives at a house near 31st and Silver Spring. Although Fowler said that Sanders also stayed at a house on 6th Street (3133 N. 6th), Fowler identified the home at 31st and Silver Spring as the place where Sanders stores his cocaine. Agents identified the home at 5539 North 31st Street as the 31st & Silver Spring residence. Elena Scott, a girlfriend of Sanders, rented the lower level of that upper/lower duplex.

On February 16, 2006, when agents were trying to locate and arrest Sanders, they did a knock and talk at Scott's residence on 31st Street. When agents first arrived, they knocked and announced themselves but Scott refused to come to the door for several minutes, and agents could hear the toilet repeatedly flushing. Once Scott answered the door, she let them in. The police spoke with her about Sanders, and in the process asked her about firearms. She acknowledged having a pistol. The police asked what kind of gun it was, and she called it a "little 25." They asked if it was loaded, and she said it was not, unless they loaded it when she bought it at Badger. In fact, the gun was a loaded .22 Ruger with 7 rounds in the magazine and 1 in the chamber. The gun was on the bedroom night stand. She became less and less cooperative, and agents ultimately placed her under arrest after finding marijuana in the residence. They then obtained a federal search warrant for the residence. They found the following:

| | |
|---|---|
| Kitchen: | a metal rod/makeshift stir stick with cocaine residue, in a cabinet near the kitchen sink; a Tanita digital scale with cocaine residue, under the kitchen sink; and a small amount of marijuana. |
| Laundry Room: | a baggie containing an ounce of marijuana, and 22 grams of marijuana, found in a blue jean outfit (clearly women's clothing, as it contains pink patterns and bows, and was a women's size M); and 10 boxes of plastic baggies. |
| Bedroom: | Mens and women's clothing; a .22 caliber pistol; the gun box and ammunition. |
| Foyer: | a large plastic tub containing newspaper, 9 kilogram wrappers, two boxes of baggies, an empty box of baking soda, a 9 oz. water bottle, and corner cut remnants. |
| Living Room: | a .50 caliber bullet, surveillance cameras and motion detectors. |

In a *Mirandized* statement, Scott claimed that the scale was for weighing food. She acknowledged smoking marijuana, but didn't know anything about any other drugs, denied flushing drugs other than one marijuana blunt when the police arrived, and denied knowing anything about

3

the kilo wrappers. She acknowledged living at the residence for about two years, and that Sanders was her "on and off boyfriend."

Sanders was arrested hiding in his attic at the 6th Street house, and was in possession of a .45 caliber Ruger pistol. After Sanders obtained counsel, he agreed to cooperate. He stated that the .45 Ruger pistol with which he was arrested was purchased by Elena Scott. According to Sanders, Scott bought it for him but put it in her name because she knew he had gone to prison for several years and was a convicted felon. Sanders stated that Scott purchased the gun at Badger Guns at the same time that she purchased a .22 pistol for herself. Sanders recalled making a payment of $457 for the purchase of the two guns. He also claimed that the heroin found at Scott's residence was his, which he had received as a sample from Fowler.

Agents have obtained the paperwork for the October 17, 2004, purchase at Badger Outdoors, a federally licensed firearms dealer. Scott completed the ATF Form 4473 and other paperwork in her name only. On the ATF Form 4473, Scott falsely indicated that she was the actual purchaser of both guns: a Ruger Model 97 .45 caliber pistol with serial number 663-48015; and a Ruger Model 21 .22 caliber pistol with serial number DAA 355714. The paperwork reflects that $200 was paid as a downpayment, and the balance of $457.05 was paid when the guns were picked up on October 21, 2004. In fact, as Scott well knew, the .45 caliber pistol was purchased for Jesse Sanders.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following penalties: a maximum of 10 years' imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

7. The defendant acknowledges, understands, and agrees that she has discussed the relevant statutes as well as the applicable sentencing guidelines with her attorney.

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

4

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of making a false statement to a federally licensed firearms dealer in connection with the acquisition of a firearm, as set forth in Count Two, the government must prove each of the following propositions beyond a reasonable doubt:

(1) that the defendant knowingly made a false statement in connection with the acquisition of a firearm from a federally licensed firearms dealer;

(2) that the false statement was intended or likely to deceive the dealer with respect to any fact material to the lawfulness of the sale of such firearm.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The

5

defendant acknowledges and agrees that her attorney in turn has discussed the applicable sentencing guidelines provisions with her to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of defendant's criminal history.

## Sentencing Guidelines Calculations

14. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty.

6

Case 2:07-cr-00004-LA    Filed 03/28/07    Page 6 of 13    Document 7

### Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count two is 12 under U.S.S.G. § 2K2.1(a)(7).

### Specific Offense Characteristics

17. The defendant understands that the government will recommend to the sentencing court that the offense level should be increased to 18 under U.S.S.G. § 2K2.1(b)(6). The government understands that the defendant will not join in this recommendation.

### Role in the Offense

18. Pursuant to Sentencing Guidelines Manual § 3B1.1 & 3B1.2, the parties agree to recommend no adjustment be given for an aggravating or mitigating role in the offense

### Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), and the offense level is found to be at least 16, the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of her intention to enter a plea of guilty.

### Sentencing Recommendations

20. Both parties reserve the right to apprise the district court and the probation office of any and all information which might be pertinent to the sentencing process, including but not limited

to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

22. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

8

### Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### DEFENDANT'S WAIVER OF RIGHTS

27. In entering this agreement, the defendant acknowledges and understands that in so doing she surrenders any claims she may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against her, she would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and she would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on her own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that she could decline to testify and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify on her own behalf.

28. The defendant acknowledges and understands that by pleading guilty she is waiving all the rights set forth above. The defendant further acknowledges the fact that her attorney has explained these rights to her and the consequences of her waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29. The defendant acknowledges and understands that she will be adjudicated guilty of each offense to which she will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30. The defendant knowingly and voluntarily waives all claims she may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

31. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives her right to appeal her sentence in this case and further waives her right to challenge her conviction or sentence in any post-conviction proceeding, including but not limited

10

to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

## **GENERAL MATTERS**

32. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

33. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

35. The defendant understands that pursuant to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

36. The defendant acknowledges and understands that if she violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The

11

defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of her breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and her attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that she continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

37. The defendant acknowledges, understands, and agrees that she will plead guilty freely and voluntarily because she is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

12

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3/20/07

ELENA SCOTT
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/20/07

DENNIS COFFEY
Attorney for Defendant

For the United States of America:

Date: 3/20/07

STEVEN M. BISKUPIC
United States Attorney

Date: 3/28/07

MICHELLE L. JACOBS
First Assistant United States Attorney

13